

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5551 | **DATE** | 2/26/2004 |
| **CASE TITLE** | Wilder vs. Jo Anne B. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** The Court grants Wilder's motion for remand and denies the motion for summary judgment.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 27 2004 | 29 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | | date mailed notice | |
| | Date/time received in central Clerk's Office | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FLOYD WILDER,                        )
                                     )
         Plaintiff,                  )
                                     )    02 C 5551          FEB 2 7 2004
                                     )
    v.                               )
                                     )
                                     )
JO ANNE B. BARNHART,                 )    Judge George M. Marovich
COMMISSIONER OF THE                  )
SOCIAL SECURITY                      )
ADMINISTRATION                       )
                                     )
         Defendant.                  )

MEMORANDUM OPINION AND ORDER

Plaintiff Floyd Wilder ("Wilder") filed a complaint against Jo Anne B. Barnhart, Commissioner of the Social Security Administration (the "SSA"). Wilder seeks judicial review after his application for Social Security benefits was denied by the SSA. Wilder now moves for summary judgment and remand to the Administrative Law Judge with respect to his application for disability insurance benefits. For the reasons set forth below, the motion for remand is granted and the motion for summary judgment is denied.

BACKGROUND

In 1991, Wilder retired from the Chicago Transit Authority ("CTA") after 25 years of service as a bus driver. From 1991 until he suffered a heart attack in February 1998, Wilder worked for his brother as a Medi-Car driver. Following triple bypass

29

surgery in March of 1998, Wilder returned to work as a Medi-Car driver in October 1998. Subsequent medical examinations following the surgery all indicated that Wilder's blood pressure and heart rate were returning to normal and that his chest was clear. By the end of January 1999, Wilder was no longer able to perform his duties as a Medi-Car driver due to swelling in his legs and soreness in his chest. Wilder has not worked since January 1999.

On September 9, 1999, Wilder applied for Disability Insurance Benefits from the SSA. On October 28, 1999, Dr. Kassir performed a 33-minute examination of Wilder for the SSA. Dr. Kassir concluded that Wilder's medical condition was normal, that Wilder had a history of hypertension and generally described the history of Wilder's cardiac problems. Wilder also informed Dr. Kassir he was taking several medications for his conditions with possible side effects including dizziness, drowsiness, lethargy, fatigue and confusion.

On November 9, 1999, Dr. England, a state agency physician, reviewed Wilder's medical records and concluded that Wilder could perform medium work as long as it excluded climbing ladders, ropes or scaffolds. On January 6, 2000, Dr. Boyer, also a state agency physician, reviewed Wilder's medical records and concluded that Wilder could perform medium work. However, Dr. Boyer found

that Wilder was limited in his ability to perform heavy lifting due to decreased cardiac functioning.

On July 12, 2000, Wilder appeared before an Administrative Law Judge ("ALJ") for the SSA without representation. The ALJ asked Wilder if he wanted to proceed or have a continuance to obtain a representative. Wilder chose to proceed, noting that he had previously made some unsuccessful attempts to obtain counsel. Wilder testified that his last job was as a Medi-Car driver and that he was unable to continue working there. Wilder resigned because he could not perform his job any longer, which consisted of carrying wheelchair-bound individuals up and down stairs. Wilder also testified that he had resigned his job as a CTA bus driver because the CTA had offered him a retirement package. Wilder also stated he no longer had chest pain and that he was able to drive a little bit, but his medication made him dizzy at times.

Wilder was denied disability insurance benefits from the SSA by the ALJ. The ALJ concluded that Wilder was unable to return to work as a Medi-Car driver but that Wilder was capable of returning to medium work, including his past work as a CTA bus driver. The ALJ concluded that the cautionary instructions against driving on some of Wilder's medication was pro forma and standard these days. The Appeals Council denied Wilder's pro se request for review.

Wilder now seeks judicial review alleging that there was not a valid waiver of his right to counsel and that the ALJ failed to fully develop the record and as a result the ALJ did not base his conclusions on proper evidence.

## Discussion

I. Standard for Motion for Summary Judgment

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When making such a determination, the court must construe the evidence and make all reasonable inferences in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); See also Courtney v. Biosound, 42 F.3d 414, 418 (7th Cir. 1994).

II. Standard of Review for SSA's Decision

42 U.S.C. §405(g) ("§ 405(g)") empowers a district court to remand cases to the agency for further proceedings in two ways. Under § 405(g), a district court may affirm, modify or reverse an

ALJ's decision, with or without remanding the case for a rehearing. 42 U.S.C. § 405(g) Section 405(g) also allows a court to remand a case without reaching the merits for further consideration of "new evidence" if the evidence "is material and there is good cause for the [plaintiff's] failure to incorporate such evidence into the record". Id.

This Court shall not disturb the finding of the SSA that Wilder did not qualify for disability, if that decision was supported by substantial evidence. Diaz v. Chater, 55 F.3d 300, 305 (7th Cir. 1995). Substantial evidence is such evidence as a reasonable mind would accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). However, in reviewing the decision of the SSA, the court must provide more than an "uncritical rubber stamp". Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

III. Valid Waiver of Counsel

A claimant is entitled to be represented by counsel at a disability hearing. 42 U.S.C. § 406. If the claimant is properly informed of this right, they may waive it. Thompson v. Sullivan, 933 F.2d 581, 584 (7th Cir. 1991). When the claimant is appearing pro se, the ALJ must explain to the claimant: (1) the way in which an attorney can aid in the proceedings; (2) the possibility of free counsel or a contingency arrangement; and (3)

5

the limitation on attorneys fees to twenty-five percent of past due benefits plus required court approval of the fees. Id.

The SSA does not address whether a valid waiver of counsel was given but concedes that Wilder appeared pro se. Wilder asserts that valid waiver of counsel was not given. This claim is not refuted by the SSA. Since lack of valid waiver of counsel is not grounds alone to remand to the SSA, this Court will only weigh this evidence against the burden the SSA had to fairly and fully develop the record. See Binion v. Shalala, 13 F.3d 243 (7th Cir. 1994).

IV. Development of the Record

Wilder next contends that the decision made by the ALJ was improper because there was information essential to the ALJ's decision that was not present, so that the record was not fully developed. Wilder argues that the ALJ should have ordered a residual functional capacity assessment and should have obtained detailed information as to the impact of Wilder's medication on his ability to drive.

Whether the ALJ gathered enough information to make his decision is an issue about which this Court defers to the judgment of the SSA absent a significant omission which was prejudicial. Kendrick v. Shalala, 998 F.2d 455, 458 (7th Cir. 1993). However, the decision of the ALJ shall not stand when an ALJ independently evaluates the medical evidence and improperly

substitutes their own medical conclusions for that of a doctor. Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996).

The ALJ correctly indicates that he properly gathered the treating physician's notes and documents regarding Wilder's recovery from his bypass surgery. The ALJ also requested a consultative examination of Wilder, referred Wilder to state agency physicians for review and conducted an evidentiary hearing. The state agency physicians noted that Wilder was able to perform medium work noting a limitation on his ability to perform heavy lifting and stating that he should not climb ladders, ropes or scaffolds. This information was used by the ALJ in determining that Wilder was not disabled and had fully recovered from his bypass surgery. Also, the ALJ was able to determine from this information that Wilder did not need a residual functional capacity assessment, a decision which is entitled to deference from this Court.

However, the determination of the ALJ that Wilder should go back to work as a CTA bus driver is a bit puzzling. The ALJ is required to "scrupulously and conscientiously . . . explore for all relevant facts." Nelson v. Apfel, 131 F.3d 1228, 1235 (7th Cir. 1997). When Wilder explained to the ALJ that he experienced dizziness as a result of his medication and had difficulty driving, the ALJ dismissed this and the medications' warnings against Wilder driving as pro forma and standard these days. The

7

reasoning of the ALJ must build an accurate and logical bridge between the evidence and the result. Sarchet v. Chater, 78 F.3d 305, 307 (7th Cir. 1996). Dismissing medical warnings as standard and pro forma does not succeed in building this logical bridge. Further, the ALJ had a duty to explore all possible side effects of the medications and their effect on Wilder, which he did not. See Harris v. Barnhart, 219 F. Supp. 2d 966, 976 (E.D. Wis. 2002); Moore v. Apfel, No. 98-C-5448, 1999 WL 261927, at * 1-2 (N.D. Ill. Apr. 26, 1999).

The SSA argues that the decison of whether Wilder was truthful and actually experiences dizziness is a credibility determination, so this Court should defer to the decision of the ALJ. This Court disagrees. Rather, this is a medical determination of whether Wilder is able to drive a CTA bus on this type of medication--a determination for which no doctor, neither the treating physician nor any of the state agency physicians, has evaluated Wilder. ALJ's must not succumb to the temptation to play doctor and make their own independent medical findings. Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996). The state agency physicians' opinion was that Wilder could return to medium work with no heavy lifting. Therefore, the ALJ should have thoroughly investigated the side effects of the medication on Wilder's ability to drive in conjunction with the physician's opinion regarding the cautionary instructions on the medication.

Moreover, as stated by another court, "while ALJs may conscientiously attempt to fulfill their duties to develop the record, even the most thorough ALJ is no substitute for an advocate. An attorney will likely know beforehand the areas crucial to the claimant's case and can ensure that questioning in those areas is detailed, and that the record (both testimonial and medical) is complete. Therefore, federal courts must carefully scrutinize records developed without counsel." Henderson v. Barnhart, 205 F. Supp. 2d 999, 1010 (E.D. Wis. 2002). Weighing this prejudicial omission against the waiver of right to counsel that was not fully articulated, the decision of the ALJ is reversed and Wilder's case is remanded for a medical determination of whether his medication interferes with the ability to drive.

## Conclusion

For the foregoing reasons, the Court grants Wilder's motion for remand and denies the motion for summary judgment.

ENTER:

GEORGE M. MAROVICH
UNITED STATES DISTRICT JUDGE

DATED: February 26, 2004

9